Terisella Zanoni *vs.* William F. Cyr and Lewis E. Small.

Oxford.    Opinion October 15, 1918.

*Search and seizure warrants.   Rule as to officers being compelled to return warrants*
*when nothing has been found in the search.*

This was an action of trespass heard by a referee.   Suit was brought for the
alleged making of an illegal search of the dwelling house of the plaintiff.

*Held:*

1.  Sec. 8 of Chap. 134, R. S., provides that "warrants issued by trial justices
shall be *made returnable* before any justice in the county, and such warrants may
be returned before any municipal or police court in the same county and the
same proceedings had thereon as if said warrants had originally issued from said
municipal court or police court; and the justice, for issuing *one not so returnable*
shall be *imprisoned for six months* and pay the costs of prosecution."   These
words plainly relate to the form of the warrant, and the duty of the Justice,
and not to the duty or liability of the officer.

2.  The common law presupposed that the warrant would be executed before
it was returned, and does not in terms require an immediate return unless the
officer has actually done some act or accomplished some substantial object
to be reported back to a court as "his doing thereon."   No other case has
arisen; a fact which may or may not justify continuance of the present form of
warrant, as the legislature may determine.

Action of trespass which was referred, and from the rulings and
findings of the referee exceptions taken by the plaintiff.   Judgment
in accordance with opinion.

Case stated in opinion.

*Bernard A. Bcve, and Jacob H. Berman,* for plaintiff.

*George A. Hutchins, and Bisbee & Parker,* for defendant.

Sitting:   Cornish, C. J., Bird, Hanson, Philbrook, Dunn,
Morrill, JJ.

Hanson, J.   This was an action of trespass heard by a referee,
who made the following report:   ''Judgment for the defendants with

the right of exceptions to the plaintiff upon the grounds stated in the Rescript and hereto attached."

The rescript states the case fully, as follows: "This is an action of trespass against the defendants for the alleged making of an illegal search of the dwelling house of Zanoni, and while so doing insulting and exciting his wife so that she fell into a state of nervous prostration and suffered much pain and injury. The plaintiff claims first that the search was unreasonable. I find as a matter of fact that it was not. Nor do I find that there was any abuse of process. The plaintiffs further claim however as a matter of law, that the defendants are guilty as trespassers ab initio. This contention arises upon this state of facts. The warrant was issued and served on the 29th day of September, 1916. The warrant was fair on its face, authorized the defendants as duly qualified officers to make the search commanded, and was executed in a reasonable manner. A proper return was made upon the warrant of the date of September 29, 1916, signed by Lewis E. Small, deputy, naming William F. Cyr as aid. The return contains this statement: "nothing found," and a notation of the officer's fees and court fees. The warrant was never returned to the court that issued it, nor to the sheriff, but was retained in the possession of deputy Small, the defendant who procured and served it, from September 29, 1916, until October 6, 1917, when he produced it at the reference as a justification. Upon this state of facts I rule as a matter of law that the failure of the defendant, Small, to return the warrant to the court issuing it, having found nothing in his search, and having made no arrest, does not deprive him of the right of protection under the warrant, but affords him, and his aid, Cyr, the other defendant, full justification for making the search complained of. To this ruling I reserve the right of exceptions to the plaintiff."

But one question arises. Did the warrant require the defendants forthwith to make a return under the circumstances? We think not. The law authorizing search and seizure process provides that search warrants can be issued only according to the following provisions. R. S., Chap. 134, Sec. 14. The complaint for a warrant to search must be made in writing, sworn to and signed by the complainant, must specifically designate the place to be searched, the owner or occupant thereof, and the person or thing to be searched for, and allege substantially the offense in relation thereto; and that the complain-

ant has probable cause to suspect, and does suspect, that the same is there concealed. Sec. 15. Search warrants shall recite, by reference to the complaint annexed or otherwise, all the essential facts alleged in the complaint, be directed to a proper officer or to a person therein named, and be made returnable like other warrants; and the person or thing searched for, if found, and the person in whose possession or custody the same was found, shall be returned with the warrant before a proper magistrate.

The plaintiff contends that the words "and be made returnable like other warrants," have peculiar significance, and apply to this case supporting his contention, and asks in his brief, "What does the legislature mean by the words 'like other warrants?'" Counsel concludes that recourse to the common law is the only avenue open, and quotes CUTTING, J., in *Patterson* v. *Creighton*, 42 Maine, 378: "At common law all warrants issuing from proper authorities are to be executed and returned by the officer to whom they are directed and received, with his doings thereon, and his return as to other parties is conclusive." As to the first contention, we think the words "and be made returnable like other warrants" are fully explained, and their purpose indicated, by a reference to the statute authorizing "other warrants." Sec. 8 of Chap. 134, R. S., provides that "warrants issued by trial justices shall be *made returnable* before any justice in the county, and such warrants may be returned before any municipal or police court in the same county and the same proceedings had thereon as if said warrants had originally issued from said municipal court or police court; and the justice, for issuing *one not so returnable shall be imprisoned for six months* and pay the costs of prosecution. These words plainly relate to the form of the warrant, and the duty of the Justice, and not to the duty or liability of the officer. Again, section 15 does not require a return to be made to the Justice issuing the warrant in any event; but only in case the person or thing searched for "is found." The return shows that nothing was found, and such return now used in this case as a justification, must be held to have been properly used, and the warrant may be returned to the proper magistrate within a reasonable time after final disposition of this case. The warrant did not in terms require the officer to make a return, and it seems that it has not been the custom in this State to have in such warrant a command to make return if there was "nothing

found." No other case has arisen; a fact which may or may not justify continuance of the present form of warrant, as the legislature may determine.

> *Exceptions overruled.*
>
> *Judgment for defendants in accordance with the report of referee.*